**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

DON FAIRFAX,
  individually and on behalf of
  all others similarly situated,
  6212 Bay Brook Dr.
  Canal Winchester, Ohio 43110

       Plaintiffs,

  - vs -

HOGAN TRANSPORTATION
EQUIPMENT, INC.,
By Serving Its Registered Agent
  CSC-Lawyers Incorporating Service
  50 West Broad Street, Ste. 1800
  Columbus, OH 43215

       Defendant.

Case No. 2:16-cv-680

Judge _____

Magistrate Judge _____

**CLASS ACTION COMPLAINT
WITH JURY DEMAND
ENDORSED HEREON**

**COLLECTIVE ACTION COMPLAINT FOR
DECLARATORY JUDGMENT AND COMPENSATION
UNDER 29 U.S.C. §§ 201,** *et. seq.*
**AND
CLASS ACTION COMPLAINT
UNDER OHIO REVISED CODE CHAPTER 4111,** *et seq.*

    Plaintiff Don Fairfax ("Mr. Fairfax"), on behalf of himself and all similarly situated individuals, brings this collective and class action against Defendant Hogan Transportation Equipment, Inc. ("Defendant"), for monetary, declaratory, and injunctive relief due to their willful failure to compensate employees with proper pay in violation of the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.01, *et seq.* Defendant violated federal and Ohio law by intentionally failing to pay employees for each hour worked and by intentionally failing to fully

1

pay the time and one-half rate of hourly employees for hours worked over forty hours in each work week. In support of the claims stated above, Mr. Fairfax alleges the following:

## INTRODUCTION

1. This case implicates Defendant's pay policy, which fails to compensate employees for work performed. In short, Defendant did not pay its logistics employees responsible for fleet management and dispatching duties overtime at a rate of time and one-half for each hour worked over 40. This practice directly violates the FLSA.

2. With respect to this violation, Mr. Fairfax is similarly situated to:

**All of Defendant's current or former Fleet Managers during the past three years before this Complaint was filed to the present.**

(collectively "Class Members"). Defendant willfully, deliberately, and voluntarily failed to pay Mr. Fairfax and Class Members for all hours worked including but not limited to those hours worked in excess of forty hours per week.

3. Defendant's conduct violates the FLSA because of the mandate that employees, such as Mr. Fairfax and the Class Members, be paid for all hours worked including but not limited to those hours worked in excess of forty hours per week at one and one half their regular rate of pay within a single week. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Mr. Fairfax and Class Member's FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), and 29 U.S.C. §216(b).

5. This Court has supplemental jurisdiction over Mr. Fairfax and Class Member's OMFWSA claims pursuant to 28 U.S.C. § 1367 for those claims authorized under Ohio Revised Code Chapter 4111 (R.C. 4111.03 and 4111.10).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and Southern District of Ohio Local Civil Rule 82.1(b) because the acts giving rise to the claims of Mr. Fairfax occurred within this judicial district, and Defendant regularly conducts business in and has engaged and continues to engage in the wrongful conduct alleged herein – and thus, are subject to personal jurisdiction within – this judicial district.

## PARTIES

7. Mr. Fairfax is a citizen of the State of Ohio who was employed as a fleet manager by Defendant in Zanesville, Ohio, during the statutory period covered by this Complaint.

8. Mr. Fairfax's "Consent to Sue" is attached to this Complaint as Exhibit A.

9. Upon information and belief, Defendant is a foreign corporation authorized to and doing business in the state of Ohio.

10. Defendant's principal place of business is located at 2050 Schuetz Road, St. Louis, MO 63146.

11. Defendant provides transportation and logistics services to a wide range of public groups and private entities and/or individuals across the country.

12. Defendant operates locations across the United States. The states in which Defendant maintains offices include: Alabama, Arkansas, Arizona, California, Florida, Georgia, Iowa, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Mississippi, Missouri, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Tennessee, Texas, Washington, and Wisconsin.

13. At all times material to this Complaint, Defendant was an "employer" and "enterprise regularly engaged in interstate commerce" as defined in the FLSA, 29 U.S.C. § 4111.01 (C).

14. At all times material to this Complaint, Defendant provided its services throughout the state of Ohio.

15. At all times material to this Complaint, upon information and belief, Defendant grossed more than $500,000 and at least $150,000 in all relevant years.

## BACKGROUND

16. Mr. Fairfax represents himself and all similarly situated individuals, both current and former employees, who were not paid overtime despite working greater than 40 hours in a work week in a non-exempt job position (that was misclassified as exempt).

17. Defendant paid Mr. Fairfax and all Class Members a set salary and failed to pay overtime wages when employees worked more than forty hours in a work week.

18. Defendant's revenue streams in the past relevant years have not allowed it to claim an overtime exemption under Section 13(a)(3) of the FLSA.

19. Defendant's employee job title Fleet Manager identifyies the similarly situated employees for collective action purposes in the Complaint.

20. Defendant's employee job title of "manager" evidenced a willful attempt to evade the overtime payment requirements of the applicable state and federal laws.

21. Mr. Fairfax's job can best be described as a logistics analyst. His job responsibilities primarily consisted of organizing and coordinating the transportation of freight Defendant was obligated to move.

22. Mr. Fairfax did not spend the primary amount of this time managing employees.

23. Mr. Fairfax did not have or exercise executive nor administrative authority consistent with an overtime payment exemption.

24. Mr. Fairfax's designation as "salaried exempt" was in willful disregard to the federal and state wage laws that applied.

25. Mr. Fairfax and Class Members regularly worked hours in excess of 40 hours in a work week.

26. Defendant knew or should have known that Mr. Fairfax and Class Members regularly worked hours in excess of 40 hours in a work week.

27. Mr. Fairfax and Class Members worked during "lunch breaks".

28. Defendant misclassified Mr. Fairfax and Class Members as overtime exempt.

29. Defendant treated Mr. Fairfax and Class Members as overtime exempt, but Class Members did not have duties that meet the overtime exemption.

## COLLECTIVE CLASS ALLEGATIONS

30. Mr. Fairfax brings this First Cause of Action on behalf of the Collective Class Members as a collective action pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b) (hereinafter "the Collective Class").

31. The members of the Collective Class include all Collective Class Members in Paragraph 2 above.

32. The claims under the FLSA may be pursued by those similarly situated employees who opt-in to this case pursuant to 29 U.S.C. § 216(b).

33. The Collective Class Members are so numerous that joinder of all members is impracticable. While the exact number of the members of the Collective Class is unknown to Mr. Fairfax at this time, and can only be ascertained through appropriate discovery, Mr. Fairfax has knowledge that there are numerous other individuals who are potential members of the Collective Class.

34. The claims of Mr. Fairfax are typical of the claims of the Collective Class Members. Mr. Fairfax and the Collective Class Members work or have worked for Defendant and were subject to the same operational, compensation, and timekeeping policies and practices, including not being paid fully and accurately for all hours worked including but not limited to those hours in excess of forty hours per week.

35. Common questions of law and fact exist as to all Collective Class Members and predominate over any questions only affecting any member individually. The common questions of law and fact include:

    (1) whether Defendant failed to pay Mr. Fairfax and the members of the Class full and accurate overtime compensation due to them for all hours worked in excess of forty hours per week at the correct rate at the time for hours in excess of 40 per week were performed

    (2) whether Defendant failed to pay Mr. Fairfax and the members of the Class for so-called meal breaks that Mr. Fairfax was forced to work through due to the demands of the job;;

    (3) the correct statutes of limitation for Mr. Fairfax's claims and for the claims of the Collective Class Members;

    (4) whether Mr. Fairfax and the Collective Class Members are entitled to damages, including, but not limited to, liquidated damages, and the measure of damages; and

    (5) whether Defendant is liable for attorneys' fees and costs.

36. Mr. Fairfax will fairly and adequately protect the interests of the Collective Class Members as his interest is aligned with the members of the Collective Class. Mr. Fairfax has no interests adverse to the Collective Class Members, and Mr. Fairfax has retained competent counsel who is experienced in class action litigation.

37. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the dispute at bar. The damages suffered by individual

6

Collective Class Members are relatively small when compared to the expense and burden of litigation, making it virtually impossible for the members of the Collective Class to individually seek redress for the wrongs done to them.

38. Mr. Fairfax and the Collective Class Members have suffered and will continue to suffer irreparable damage from the unlawful policies and practices implemented by Defendant.

## CLASS ACTION ALLEGATIONS

39. Mr. Fairfax brings this Second and Third Cause of Action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Fleet Managers employed by Defendant in the State of Ohio during the three year period immediately prior to the filing of this Complaint. The claims brought pursuant to the Ohio Minimum Fair Wage Standards Act, R.C. 4111.01, *et seq.* and the Ohio Prompt Payment Act O.R.C. §4113.15(A) may be pursued by means of a Class Action (hereinafter referred to as "the Ohio Class").

40. All such persons employed by Defendant within the State of Ohio, including Mr. Fairfax, are readily ascertainable. The number and identity of the Ohio Class members are determinable from the Defendant's employment records. The hours assigned and worked, the positions held, and the rates of pay for each Ohio Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by any means permissible under Rule 23 of the Federal Rules of Civil Procedure.

41. The proposed Ohio Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is currently unknown to Mr. Fairfax, the precise number of such persons and the facts on which the calculation of that number are based are

presently within the sole control of Defendant, and, upon information and belief, there are numerous Ohio Class members.

42. Mr. Fairfax's claims are typical of those claims which could be alleged by any member of the Ohio Class, and the relief sought is typical of the relief which will be sought by each member of the Ohio Class if that member were to file a separate action. All the Ohio Class members were subject to the same corporate practices of Defendant, as alleged herein, including the failure to pay full and accurate wages owed for each hour of work including but not limited to those hours worked in excess of forty hours per week. Defendant's company-wide policies and practices affected all Ohio Class members similarly, and Defendant benefited from the same type of unfair and wrongful act as to each Ohio Class member. Mr. Fairfax and the other Ohio Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

43. Mr. Fairfax is able to fairly and adequately protect the interests of the Ohio Class and have no interests antagonistic to the Ohio Class. Mr. Fairfax is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy before the Court – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously pursue claims against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the

individual Ohio Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them individually. Furthermore, important public interests will be served by addressing this matter as a class action. The adjudication of individual claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant savings. The prosecution of separate actions by individual class members would also create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Ohio Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. Finally, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

45.     Upon information and belief, Defendant has violated Ohio state law with regard to the payment of full and accurate wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action treatment provides class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

46.     Common questions of law and fact exist as to all members of the Ohio Class and predominate over any questions only affecting any member individually.  The common questions of law and fact include:

9

(1) whether Defendant failed to pay Mr. Fairfax and the members of the Ohio Class full and accurate overtime compensation due to them for all hours worked in excess of forty hours per week at the correct rate at the time the hours in excess of 40 per week were performed;

(2) whether Defendant failed to pay Mr. Fairfax and the members of the Ohio Class for so-called meal breaks that Mr. Fairfax was forced to work through due to the demands of the job;

(3) the correct statutes of limitation for Mr. Fairfax's claims and for the claims of the members of the Ohio Class;

(4) whether Mr. Fairfax and the members of the Ohio Class are entitled to damages, including, but not limited to, liquidated damages, and the measure of damages; and

(5) whether Defendant is liable for attorneys' fees and costs.

47. Mr. Fairfax knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT VIOLATIONS
## FULL AND ACCURATE WAGES
### (On Behalf Of The Collective Class)

48. Mr. Fairfax, on behalf of himself and the Collective Class Members, repeats and realleges the allegations contained in Paragraphs 1 through 47 above as if they were fully set forth herein.

49. At all times relevant to this action, Defendant has been and continues to be an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

50. At all times relevant to this action, Defendant employed and/or continues to employ Mr. Fairfax and each of the Collective Class Members within the meaning of the FLSA.

51. At all times relevant to this action, Defendant had a uniform policy and practice of willfully refusing to pay its employees for every hour worked including but not limited to

those hours worked in excess of forty hours per week by Mr. Fairfax and each of the Collective Class Members.

52. As a result of Defendant's willful failure to compensate its employees, including Mr. Fairfax and Collective Class Members, the applicable federal minimum wage for all hours worked including but not limited to those hours worked in excess of forty hours per week at a rate of not less than one and one-half times the regular rate of pay, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 291, *et seq.*

53. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Due to Defendant's willful FLSA violations, Mr. Fairfax, on behalf of himself and the Collective Class Members, are entitled to recover from Defendant (1) compensation for unpaid wages; (2) an additional equal amount as liquidated damages; and (3) reasonable attorneys' fees and the costs of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**OHIO FAIR MINIMUM WAGE STANARDS ACT VIOLATIONS –**
**MINIMUM AND OVERTIME WAGES O.R.C. § 4111.01,** *et seq.*
**(On Behalf Of The Ohio Class)**

55. Mr. Fairfax, on behalf of himself and the members of the Ohio Class, repeats and realleges the allegations contained in Paragraphs 1 through 54 above as if they were fully set forth herein.

56. Defendant failed to pay minimum wages and accurate overtime pay to Mr. Fairfax and the members of the Ohio Class in violation of the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01, *et seq.*

57. Defendant's failure to pay proper wages to Mr. Fairfax and the members of the Ohio Class for each hour worked including but not limited to those hours worked in excess of

forty hours per week was willful within the meaning of the Ohio Minimum Fair Wage Standards Act and in reckless disregard of applicable law.

58.     As a direct and proximate result of Defendant's failure to comply with state law minimum wage and overtime provisions, Mr. Farifax and the members of the Ohio Class suffered a loss of wages and interest thereon as well as incurring the costs and attorneys' fees associated with this action.

**THIRD CLAIM FOR RELIEF**
**OHIO PROMPT PAYMENT ACT ("OPPA") VIOLATION O.R.C. § 4113.15(A)**
**(On Behalf of Ohio Class)**

59.     Plaintiff, on behalf of himself and the members of the Ohio Class, repeat and reallege the allegations contained in Paragraphs 1 through 58 above as if they were fully set forth herein.

60.     During all times material to this complaint, Defendant was an entity covered by the OPPA, and Plaintiff and the Ohio Class members are/were employed by Defendants within the meaning of the OPPA.

61.     The OPPA requires that Defendant pay Plaintiff and the Ohio Class members all wages, including unpaid overtime and the pay that was improperly deducted, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. §4113.15(A).

62.     During all times material to this complaint, Plaintiff and the Ohio Class members are/were not paid wages, described as overtime wages at one and one-half times their regular

hourly rate and the pay improperly deducted, within thirty (30) days of performing the work. *See*, O.R.C. §4113.15(B).

63. Plaintiff's unpaid wages and those of the Ohio Class remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

64. In violating the OPPA, Defendants acted willfully and with reckless disregard of clearly applicable Ohio law.

**FOURTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
**(On Behalf of Class)**

65. Plaintiff, on behalf of themselves and the members of the Class, repeat and reallege the allegations contained in Paragraphs 1 through 64 above as if they were fully set forth herein.

66. Plaintiff conferred a benefit on Defendant by working through their entire shifts and never taking a lunch.

67. Defendant knew Class Members worked their entire shift and never took a lunch break, although a lunch break was automatically deducted from Plaintiff's pay.

68. Defendant benefited from Class Members work and retains that benefit.

**PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Fairfax, individually and on behalf of all other similarly situated members of both the Collective and Ohio Class, request this Court grant the following relief against Defendant:

(1) Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising all members of the

Collective Class of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

(2) Designation of Mr. Fairfax as Representative of the FLSA Collective Class Plaintiffs;

(3) Prompt notice, pursuant to 29 U.S.C. § 216(b), to all Collective Class members that each has the right to "opt-in" to this litigation;

(4) On the First Claim For Relief, an award of unpaid compensation for full and accurate overtime compensation to Plaintiff and the members of the Class;

(5) An order declaring Defendant's FLSA violations were willful;

(6) On the Second and Third Claim For Relief, designation of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class, and prompt issuance of notice pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, apprising all members of the Ohio Class of the pendency of this action and permitting them to assert their state law wage and overtime claims in a timely manner, and an award of compensation for unpaid wages, minimum wages, and overtime wages to Plaintiffs and the members of the Ohio Class;

(7) Designation of Mr. Fairfax as Representative of the Ohio Class;

(8) An injunction prohibiting Defendant from engaging in future wage and hour violations;

(9) On the First, Second, and Third Claims For Relief, an award of liquidated damages to Plaintiffs and the members of the Class;

(10) On the First, Second, and Third Claims For Relief, an award of prejudgment and post-judgment and all other available interest to Plaintiffs and the members of the Class;

14

(11) On the First, Second, and Third Claims For Relief, an award of the costs and expenses incurred in bringing this action together with reasonable attorneys' fees and expert fees to Plaintiffs and the members of the Class;

(12) On the Fourth Claim for Relief all unpaid wages; and

(13) Such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lance Chapin
Lance Chapin (0069473)
Steven C. Babin, Jr. (0093584)
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, Ohio 43215
Telephone: 614.221.9100
Facsimile: 614.221.9272
E-mail: lchapin@chapinlegal.com
sbabin@chapinlegal.com

Attorneys for Plaintiffs
Don Fairfax, *et al.*

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues.

/s/ Lance Chapin
Lance Chapin (0069473)
Chapin Legal Group, LLC

Attorney for Plaintiffs
Don Fairfax, *et al.*