UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DON FAIRFAX,**

    **Plaintiff,**

  v.                                         Case No.: 2:16-cv-680
                                                  JUDGE SMITH
                                                  Magistrate Judge Jolson

**HOGAN TRANSPORTATION
EQUIPMENT, INC.,** *et al.***,**

    **Defendants.**

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion for Conditional Certification of the Collective Class, Expedited Discovery, and Issuance of Notice (the "Motion for Conditional Certification") (Doc. 26). Defendants Hogan Transports, Inc., Hogan Services, Inc., and Hogan Dedicated Services, LLC (collectively, "Hogan" or "Defendants") responded (Doc. 47), and Plaintiff replied in support (Doc. 48). The motion is fully briefed and is ripe for disposition. For the following reasons, Plaintiff's Motion for Conditional Certification is **GRANTED**.

### I. BACKGROUND

Plaintiff has brought the present collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111, *et seq*. ("Fair Wage Act"). Plaintiff seeks to recover unpaid overtime wages from Hogan for "[a]ll of Defendants' current or former Fleet Managers and other dispatcher employees during the past three years before this Complaint was filed to the present." (the "Putative Class") (Doc. 26, Mot. for Cond. Cert. at 4). Hogan is a for profit entity organized under the laws of the State of Missouri with its principal place of business in St. Louis, Missouri.

(Doc. 24, 2d. Am. Compl. at ¶¶ 11, 13, 15).[1] Through its network of trucking and logistics facilities, Hogan employs Fleet Managers and other dispatchers throughout the country to provide transportation and logistics services to public groups and private entities. (*Id.* at ¶ 19; Doc. 26, Mot. for Cond. Cert. at 4).

Named Plaintiff Don Fairfax is a citizen of the State of Ohio and worked for Hogan as a Fleet Manager in Zanesville, Ohio beginning in August 2014. (Doc. 24, 2d. Am. Compl. at ¶ 8). Plaintiff's primary responsibilities were to organize and coordinate the transportation of freight for Hogan. (*Id.* at ¶ 29). Plaintiff alleges that he and other members of the Putative Class were misclassified as overtime exempt employees, paid a set salary, and not fully compensated for time worked in excess of 40 hours per week despite regularly working over 40 hours per week. (*Id.* at ¶¶ 24–25, 35). Plaintiff alleges that he did not spend the "primary amount of his time managing employees" and he did not "have or exercise executive nor administrative authority consistent with an overtime [exempt position]." (*Id.* at ¶¶ 31–32). Plaintiff, without stating the basis of his knowledge, alleges the same facts on behalf of the other members of the Putative Class. (*Id.* at ¶ 38). Plaintiff has attached the following evidence to his Motion for Conditional Certification which purports to show that he and the members of the Putative Class are similarly situated: (1) the signed and sworn affidavit of Don Fairfax; (2) past job postings from Hogan listing available Fleet Manager positions; (3) several LinkedIn profiles of former Hogan Fleet Managers; (4) Plaintiff's job offer from Hogan; and (5) a copy of one of Plaintiff's paystubs while working at Hogan. (Docs. 26-1–26-5).

In addition to asking this Court to conditionally certify the Putative Class, Plaintiff has requested expedited discovery related to the identity of and contact information for putative

---

[1] Defendants allege that each defendant is a distinct legal entity.

plaintiffs. (Doc. 26, Mot. for Cond. Cert. at 11–12). Finally, Plaintiff makes the following requests with respect the distribution of the court-supervised notice (the "Notice"): (1) that the Notice be sent to putative plaintiffs by both regular and electronic mail; (2) that Plaintiff's counsel may, at their discretion, be permitted to hire a third party class action administration company to oversee the mailing of the Notice; (3) that the Notice be sent twice by email and twice by regular mail; and (4) that putative plaintiffs would have 90 days to opt into the present collective action. (*Id.* at 13–14). Plaintiff attached a proposed Notice and Consent Form to his Motion for Conditional Certification. (Docs. 26-6; 26-7).

## II. STANDARD OF REVIEW

Plaintiff moves for conditional certification under 29 U.S.C. § 216(b). Section 216(b) of the FLSA provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). The Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be 'similarly situated;'" and (2) ". . . must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)). "For FLSA collective actions, class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Conditional certification occurs at the beginning of the discovery process.

3

*Comer*, 454 F.3d at 546. This "notice stage" focuses on whether there are plausible grounds for plaintiffs' claims. *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015) (Deavers, M.J.). A plaintiff need only show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002) (Sargus, J.)). "The [FLSA] does not define 'similarly situated,' and neither has [the Sixth Circuit]." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016), *as revised* (Feb. 9, 2016). Although courts are split as to what exactly a plaintiff must show at this stage, this Court has previously held that courts should not grant conditional certification "unless the plaintiff presents some evidence to support her allegations that others are similarly situated." *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (Holschuh, J.). "The Court should consider 'whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists.'" *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011) (Marbley, J.) (quoting *Heaps v. Safelite Solutions, LLC*, No. 10-CV-729, 2011 WL 1325207, at *2 (S.D. Ohio Dec. 22, 2011) (Frost, J.)). "District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547). Certification at this stage "is conditional and by no means final." *Comer*, 454 F.3d at 546.

4

If plausible grounds exist and conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell*, 2015 WL 6662919, at *1.  Final certification occurs after all class plaintiffs have opted in and discovery has concluded.  *Comer*, 454 F.3d at 546.  "At this stage, 'trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated.'" *Rutledge v. Claypool Elec., Inc.*, No. 2:12-CV-159, 2012 WL 6593936, at *3 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (quoting *Comer*, 454 F.3d at 547) (*report and recommendation adopted by* No. 2:12-CV-159, 2013 WL 435058 (S.D. Ohio Feb. 5, 2013)).  At this stage, courts employ a stricter standard to determine if class plaintiffs are "similarly situated" because courts have access to much more information on which they can rely than they did at the conditional certification stage.  *Comer*, 454 F.3d at 547 (citing *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)).  "Plaintiffs generally must produce 'more than just allegations and affidavits' demonstrating similarity in order to achieve final certification." *Frye*, 495 F. App'x at 671 (6th Cir. 2012) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008).  Finally, a defendant "may file a motion to decertify the class [at this stage] if appropriate to do so based on the individualized nature of the plaintiff's claims." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) (Dlott, J.).

### III.  DISCUSSION

Plaintiff has moved for conditional class certification, expedited discovery, and court supervised notice for "[a]ll of Defendants' current or former Fleet Managers and other dispatcher employees during the past three years before this Complaint was filed to the present." (Doc. 26, Mot. for Cond. Cert. at 4).  Section 207(a)(1) of the FLSA "'provides that employers may not require employees to work more than forty hours per workweek unless those employees receive

5

overtime compensation at a rate of not less than one-and-one half times their regular pay[.]" *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012) (quoting *Baden-Winterwood v. Life Time Fitness, Inc.,* 566 F.3d 618, 626 (6th Cir. 2009)).  Plaintiff alleges that all Fleet Managers and other dispatcher employees employed by Defendants perform the same general job duties, are subject to the same wage and hour policies, and are not paid overtime. (*Id.* at 3–5).  Defendants oppose the Motion arguing primarily that Plaintiff has failed to satisfy his minimal burden of proof in showing that others in the Putative Class are similarly situated to him.  In addition, Defendants oppose the scope of the Putative Class, the content of the Notice, and the manner in which the Notice will be distributed to Putative Class members.  Consistent with the foregoing, Plaintiff's Motion for Conditional Certification is **GRANTED**.

A. **Conditional Certification**

Defendants argue that Plaintiff's proposed order is overbroad as to geographic scope, job title, and time. (Doc. 36 at 10.)  As to geographic scope, Defendants contend that there is insufficient admissible evidence to support a nationwide class.

Preliminarily, the Court rejects Defendants' suggestion that the Court may consider only admissible evidence at this stage.  Although some Courts in the Sixth Circuit have held that hearsay evidence is inadmissible when considering a motion for conditional certification, the Court chooses to depart from those earlier cases for two reasons.  The first reason is that the earlier cases which denied inadmissible hearsay at this stage relied on cases comparing a conditional certification motion to a motion for summary judgment under Rule 56.  *See Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865 (S.D. Ohio 2005) (Holschuh, J) (relying on *Richards v. Computer Sciences Corp.*, No. 3-03-CV-00630(DJS), 2004 WL 2211691 at *1 (D. Conn. Sept. 28, 2004)).  The court in *Richards* noted that "[h]earsay testimony that would be

6

inadmissible if testified to at trial may not properly be set forth in a Rule 56 affidavit accompanying a summary judgment motion." 2004 WL 2211691 at *1.

However, since *Richards* and *Harrison* were decided, the evidentiary standards for a Rule 56 motion have changed. "Rule 56, as amended, allows a Plaintiff more leeway in the filing of exhibits in support of or defense against a summary judgment motion." *Good v. FFCC Columbus, Inc.*, No. 2:14-CV-508, 2015 WL 11122105, at *4 (S.D. Ohio Aug. 17, 2015) (Smith, J.). In fact, "'the objection now contemplated by the amended Rule is not that the material 'has not' been submitted in admissible form, but that it cannot be." *Id.* (quoting *Brown v. Siemens Healthcare Diagnostics, Inc.*, No. DKC 11-0769. 2012 WL 3136457 at *5 (D. Md. July 31, 2012)). Accordingly, the proper procedure is not to note that Plaintiff's testimony is hearsay, but rather to argue that it could not be presented in an admissible form. Defendants have not made such and argument, and thus, the Court can consider Plaintiff's hearsay testimony at this stage.

However, even if the rules had not changed, the Court still agrees with a recent Northern District of Ohio case that "'to require [strict admissibility] at this stage of litigation would defeat the purpose of the two-stage analysis' under Section 216(b).'" *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 770 (N.D. Ohio 2015) (quoting *Monroe v. FTS USA, LLC*, 257 F.R.D. 634, 639 (W.D. Tenn. 2009)). Other courts have done likewise. *See Jesiek v. Fire Pros, Inc.*, 275 F.R.D. 242, 246-47 (W.D. Mich. 2011) ("[T]he better approach is to consider [purported hearsay] in the first stage of a collective action proceeding"); *see also Carter v. Ind. State Fair Comm'n*, No. 1:11-CV-852, 2012 WL 4481350, at *3 (S.D. Ind. July 17, 2012) ("[T]he inadmissible statements contained in Plaintiffs' affidavits should be considered in the overall calculus of whether Plaintiffs can make a modest showing.")).

7

As noted above, Plaintiff attached several exhibits to his Motion for Conditional Certification that purport to show that other Hogan employees are similarly situated to Plaintiff. Defendants' primary basis for arguing against conditional certification is the insufficiency of the evidence presented by Plaintiff. Specifically, Defendants claim that job postings and personal LinkedIn profiles are unpersuasive to show that other Putative Class members are similarly situated, he has no personal knowledge of the primary job responsibilities of other Hogan Fleet Managers, and Plaintiff's allegations contained in his affidavit are undermined by his own deposition testimony in this case. The Court will address these arguments in turn.

1. **Job Postings and Employee Lists**

Defendants argue that job listings or lists of names of people who have held the same position at some point in time carry no evidentiary value as support for the argument that others are similarly situated to plaintiff. However, Plaintiff contends that Defendants are misconstruing the purpose of this evidence and the value of it lies in the fact that Fleet Managers are ubiquitous throughout Defendants' locations. In *Wade v. Werner Trucking Co.*, No. 2:10-CV-00270, 2012 WL 5378311 (S.D. Ohio Oct. 31, 2012) (Sargus, C.J.), the Court stated that job descriptions "indicate that defendant uniformly classified fleet managers as exempt employees." *Id.* at *5. The Court agrees with Plaintiff that evidence showing that Defendants employ other people with the same job title as Plaintiff is relevant—though not determinative—to the question of whether other members of the putative class are similarly situated to Plaintiff. The Court's position is strengthened by the fact that Defendants do not deny that all Fleet Managers were classified as salary exempt and were subject to the same compensation structure.

### 2. Job Responsibilities

Defendants' Response to the Motion devotes considerable time breaking down the nuances of Plaintiff's typical day-to-day job responsibilities, how those responsibilities differed from the tasks contained in his job offer, and how he has no personal knowledge of other Fleet Managers' responsibilities.  Plaintiff admits that his actual job duties differ in some respects from the duties listed on his employment offer and the job postings for other Fleet Manager openings at Hogan.  (Doc. 47-1, Fairfax Dep. at 77–80).  Plaintiff admits that he has never visited the Hogan locations he posted job listings for and that he has no personal knowledge of the duties performed by Fleet Managers at those locations.  (*Id.* at 101–106).  Plaintiff also admits that he has never met or spoken to the specific Fleet Managers for whom he provided LinkedIn profiles.  (*Id.* at 97–100).  Finally, Defendants point out that Plaintiff was unable to name any other Fleet Managers outside of the Zanesville office, and he never personally witnessed other Fleet Managers performing their daily duties.  (*Id.* at 18–19, 36–37).

That is not to say that Plaintiff's current claims are based on mere conjecture.  Plaintiff has testified that he has had conversations with other Fleet Managers regarding things such as tracking, dispatching, managing the drivers, making sure of the safety equipment [and] things of that nature."  (Doc. 47-1, Fairfax Dep. at 22–25).  As far as the Court can tell, these are the very responsibilities that constituted Plaintiff's job as a Fleet Manager.  So if Plaintiff has spoken to other Fleet Managers about these matters then he does have knowledge, albeit secondhand knowledge, that their job duties are similar to his own.  Plaintiff has also testified that he spoke to other Fleet Managers in multiple locations about the job in general.  ("But as far as the job. Specifically, we talked about everything. [. . .] It was not one thing specifically that we talked about.  We talked about everything.  It was specifically about the job.")  (*Id.* at 24.)

9

The Court agrees with Plaintiff that the minute differences in daily job responsibilities are overemphasized by Defendants. As stated earlier, Plaintiff must only make a modest factual showing that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47. Plaintiff has made the modest factual showing to the Court that Fleet Managers—and possibly other dispatcher employees—shared the same primary job functions (i.e., assigning loads and dispatching truck fleets) even if their respective locations demanded unique or slightly different responsibilities that were not demanded of Plaintiff in Zanesville. Therefore, there is testimonial evidence—albeit somewhat vague—that Plaintiff has spoken to other Fleet Managers about their jobs and his job in general. Nuanced differences in Fleet Managers' daily responsibilities are not sufficient to defeat conditional certification at this stage.

### 3. Inconsistent Testimony

More important here is the information contained in Plaintiff's affidavit and his deposition testimony. Defendants argue that the two are contradictory while Plaintiff maintains Plaintiff's deposition testimony is consistent with the statements contained in his affidavit. In sum, the parties draw completely opposite conclusions from the same information. To some extent, the Court agrees with both contentions. Plaintiff's deposition testimony appears to be consistent with his earlier sworn statements in some places, yet appears to be contradictory in others. Plaintiff's August 29, 2016 affidavit states that he has personal knowledge, based at least in part *on conversations with other Fleet Managers and dispatcher employees*, that the following is true of other Hogan Fleet Managers and dispatcher employees: (1) they have the same/similar job duties as Plaintiff; (2) they were treated as exempt under the FLSA and were not paid time and a half for hours worked over forty hours per week; (3) they are on call at all hours; and

(4) they worked long hours outside of the office and were paid a fixed salary that did not include overtime or straight time for hours worked over forty hours per week. (Doc. 26-1, Fairfax Dep. at ¶¶ 5, 10, 14, 18).

The Court concludes that the aggregate value of the evidence offered by Plaintiff is sufficient to conditionally certify the Putative Class. Plaintiff has shouldered his modest burden of showing that other members of the Putative Class "generally performed the same basic duties and were compensated in the same manner during the period in question." *Heibel v. U.S. Bank Nat. Ass'n*, No. 2:11-CV-00593, 2012 WL 4463771, at *5 (S.D. Ohio Sept. 27, 2012) (Sargus, C.J.). Thus, Plaintiff's Motion for Conditional Certification is hereby **GRANTED**. The Court will now turn to the parties' arguments concerning expedited discovery and the scope and content of the court supervised Notice.

**B. Expedited Discovery**

Plaintiff has made the following request for expedited discovery relating to the Putative Class members:

> The Court should order Defendants to produce the names, all known addresses, all phone numbers (home, mobile, etc.), dates of birth, all known email addresses (work and personal), and dates of employment for all the Collective Class members employed at any time during the three years preceding the granting of the Motion to the Present.

(Doc. 26, Mot. for Cond. Cert. at 12). Defendants do not oppose any of these requests, with the exception that they generally oppose sending the Notice by both regular and electronic mail. For the reasons set forth in the following section, Defendants' argument is well-taken and Defendants need not provide electronic mailing addresses to Plaintiffs. The remainder of Plaintiff's unopposed requests for expedited discovery are hereby **GRANTED**.

11

## C. Court Supervised Notice

"The FLSA 'grant[s] the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure.'" *Heaps v. Safelite Sols., LLC*, No. 2:10-CV-729, 2011 WL 1325207, at *7 (S.D. Ohio Apr. 5, 2011) (Frost, J.) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). Courts may facilitate notice to putative collective class members "so long as the court avoids communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Sperling*, 493 U.S. at 168–69. "Accurate and timely notice concerning the pendency of the collective action promotes judicial economy because it . . . allows them to pursue their claims in one case where the same issues of law and fact are already being addressed." *Swigart*, 276 F.R.D. at 214 (citing *Sperling*, 493 U.S. at 170).

Here, the parties disagree as to whether the Putative Class should include only Fleet Managers or whether other dispatcher employees should receive notice of this action. At this early stage of the litigation, the Court finds it appropriate to include other dispatcher employees or "Driver Manager Dispatcher" employees in the Putative Class. Plaintiff has submitted evidence of a job posting that at least intimates that the two job titles are used interchangeably by Hogan. (*See* Doc. 26-2, Job Listings at 1 (Listing with Hogan's logo for "Fleet Manager/Driver Manager Dispatcher")). The Court acknowledges Hogan's argument that these job titles or positions do not exist in actuality. To the extent that argument is true, the issue is a moot point and will not prejudice Defendants in any manner. If Hogan does indeed employ other salaried "dispatcher employees" who share the same primary job responsibilities and as Fleet Managers—regardless of whether they go by the job title "Driver Manager Dispatcher" or any other moniker—it is appropriate to include them in the notice stage of this litigation.

12

Finally, the parties seem to disagree over the scope of the class as it relates to which specific Hogan entity employed Plaintiff and/or other members of the Putative Class. Plaintiff alleges that Defendants have, at all times relevant, "operated as a single integrated company." (Doc. 24, 2d. Am. Compl. at ¶ 16). While Plaintiff seeks to have this Court conditionally certify a class including "**Defendants'** Fleet Managers and other dispatcher employees . . ." (emphasis added), Defendants argue that each individual Hogan Defendant is a distinct entity. (*Compare* Doc. 26, Mot. for Cond. Cert. at 4 *with* Doc. 47, Resp. at 2). Defendants argue that "[t]his Court should reject Plaintiff's attempts to inappropriately expand and notify a proposed class based on mere speculation and obvious failure to properly identify even his own employer." However, the Court is not convinced that Plaintiff's confusion surrounding these distinctions is unwarranted. (Doc. 47, Resp. at 17). For instance, Defendants admit that "Hogan Dedicated Services and Hogan Transports each employ individuals with the title of Fleet Manager." (*Id.* at 3). Defendants go on to state that Plaintiff was employed by "Hogan Dedicated Services, LLC." (*Id.* at 5). However, Plaintiff has submitted a copy of one of his paystubs that identifies "Hogan Services, Inc." as the payor. (*See* Doc. 26-5, Paystub). To further complicate matters, Defendants acknowledge that Plaintiff also received "all necessary paperwork to complete the onboarding process." (Doc. 47, Resp. at 7). Plaintiff attached one such document to his Motion. (Doc. 26-4). The document is presented on letterhead from "Hogan Dedicated Services, LLC." In short, from the record, it is unclear to the Court which of the "distinct" Hogan entities employed Plaintiff and it appears there is some credence to the argument that Defendants operated as a single integrated company. Similar to the reasoning set forth in the preceding paragraph, the Court finds it proper at this early notice stage to include in the Putative Class Fleet

13

Managers and other "dispatcher employees" employed by any of the Hogan entities identified as defendants.

The final two points of contention between the parties are interrelated. Plaintiff proposes that the Notice be sent to the Putative Class on two separate occasions through both regular mail and email. Plaintiff requests that the Court authorize Plaintiff's counsel to send the first set of mailings seven days after receiving the expedited discovery materials from Defendant and the second set of mailings thirty days after the first mailing. Defendant argues that distributing the Notice by two separate methods and on two separate occasions is excessive and runs the risk of improperly encouraging plaintiffs to join the lawsuit. This Court recently spoke to both of these issues in *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2016 WL 5104891, at *2 (S.D. Ohio Sept. 20, 2016) (Smith, J.). In denying Plaintiff's request to send a reminder notice, this Court held:

> Plaintiff has not cited any case law from this district that has allowed such a practice. Conversely, this Court has previously denied such requests. *See, e.g.*, *Wolfram v. PHH Corp.*, No. 1:12-CV-599, 2012 WL 6676778, at *4 (S.D. Ohio Dec. 21, 2012) (Black, J.) ("Many courts have rejected reminder notices, recognizing the narrow line that divides advising potential opt-in plaintiffs of the existence of the lawsuit-and encouraging participation." (citing *Foster v. Nationwide Mut. Ins. Co.*, No. C2–08–20, (S.D. Ohio 2008) (Sargus, J.))); *see also Fenley v. Wood Grp. Mustang, Inc.*, No. 2:15-CV-326, 2016 WL 1059681, at *7 (S.D. Ohio Mar. 17, 2016) (Smith, J.) ("[Courts] should be hesitant to authorize duplicative notice because it may unnecessarily 'stir up litigation' or improperly suggest the Court's endorsement of Plaintiff's claims.").

*Ganci*, 2016 WL 5104891, at *2. Here, Plaintiff cites no extraordinary reason as to why this Court should depart from its past reasoning. Plaintiffs will not be permitted to send a reminder Notice. With respect to dual service methods, this Court held:

> At the outset, it bears mentioning that "[c]ourts generally approve only a single method for notification unless there is a reason to believe that method is ineffective." *Wolfram*, 2012 WL 6676778, at *4 (citing *Shajan v. Barolo*, No. 10cv1385, 2010 WL 2218095 (S.D.N.Y. June 2, 2010)). However, this Court has previously allowed plaintiffs to send notice by ordinary mail and electronic mail

14

in the interest of judicial economy.  *See Swigart I*, 276 F.R.D. at 214; *see also Lemmon v. Harry & David Operations, Inc.,* No. 2:15-CV-779, 2016 WL 234854 (S.D. Ohio Jan. 20, 2016) (Smith, J.).  In *Wolfram*, this Court acknowledged the general rule that notice is typically sent by a single method but still permitted "dual-method" service because it "appropriately safeguards the privacy of individuals not currently a party to the case and helps ensure that all potential plaintiffs receive notice of their right to join this lawsuit."  *Wolfram*, 2012 WL 6676778, at *4.  A similar approach was adopted by this Court in *Lutz v. Huntington Bancshares Inc.*, No. 2:12-CV-01091, 2013 WL 1703361, at *7 (S.D. Ohio Apr. 19, 2013) (Frost, J.)).  In *Lutz,* this Court reasoned, "[b]y allowing e-mail notice to former employees now, the Court hopes to avoid the added step of having to resend notice in the event that a former employee's last known home address proves to be inaccurate."  *Lutz*, 2013 WL 1703361, at *7.  This Court recently relied on the aforementioned cases' reasoning when it approved simultaneous electronic and ordinary mail service in *Lemmon*.  2016 WL 234854, at *7.

*Id.* at *3.  Here, Plaintiff has made no attempt to show that there are any factual circumstances that would render service by ordinary mail only ineffective.  Accordingly, Plaintiff is only permitted to send a single notice to the Putative class with the exception that a second mailing may be attempted if the first attempt is returned undeliverable.

The parties have agreed to add a sentence to the Plaintiff's proposed Notice indicating that defendant denies Plaintiff's allegations in the underlying case.  Further, Defendant does not object to Plaintiff hiring a third party class action administration company if they deem appropriate or to a ninety day opt-in period.  The Court approves each of these requests.

## IV.  CONCLUSION

Consistent with the foregoing, Plaintiff's Motion for Conditional Certification (Doc. 26) is **GRANTED**.  The Clerk shall **REMOVE** Document 26 from the Court's pending motions list.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　*/s/ George C. Smith*＿＿＿
　　　　　　　　　　　　　　　　　　　　**GEORGE C. SMITH, JUDGE**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**