IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DON FAIRFAX, Individually and on Behalf of All Others Similarly Situated | ) ) ) |
| Plaintiff, | ) Judge Smith ) ) Magistrate Judge Jolson |
| v. | ) ) Case No.: 2:16-cv-00680-GCS-KAJ |
| HOGAN TRANSPORTS, INC., et al., | ) ) |
| Defendants. | ) ) |

**JOINT MOTION FOR LEAVE TO FILE
MOTION FOR APPROVAL OF FLSA SETTLEMENT, SUPPORTING
MEMORANDUM, MOTION FOR APPROVAL OF ATTORNEYS' FEES, AND
SETTLEMENT AGREEMENT UNDER SEAL**

Plaintiff Don Fairfax ("Plaintiff") and Defendants Hogan Transports, Inc.; Hogan Services, Inc.; Hogan Dedicated Services ("Defendants") (collectively the "Parties") respectfully request this Court to enter an Order granting leave to file under seal their Joint Motion For Approval of FLSA Settlement, Memorandum in Support of Joint Motion For Approval, Motion for Approval of Attorneys' Fees, and proposed Settlement Agreement ("the Settlement Documents").  Filing the Settlement Documents in this matter under seal will advance the Parties' settlement, preserve judicial resources, and promote efficient administration of the proposed Settlement Agreement.  For these reasons, the Parties respectfully request that the Court grant the Parties leave to file the Settlement Documents in this matter under seal.

**I.      PROCEDURAL BACKGROUND**

Plaintiff filed this lawsuit on behalf of himself and others similarly situated under the Fair Labor Standards Act ("FLSA") and the Ohio state wage statutes and common law.  The lawsuit alleges that Defendant failed to pay Plaintiff and other Fleet Coordinators and Fleet Managers overtime for all hours worked over 40 in a workweek.  Defendant strongly denies Plaintiff's

allegations that it violated the FLSA any other applicable state law, or otherwise failed to compensate Plaintiff for all time worked. The Parties resolved this matter on December 12, 2018, through hours of negotiations and mediation. This agreement has been reduced to writing and contains terms that (1) resolve all wage and hour claims between Plaintiff and all opt-in Plaintiffs and Defendants based on the voluminous discovery and documents exchanged between the parties; (2) proposes proper notice to the discrete, identifiable class that has already opted into this action; (3) the specific timing of communication to the identifiable class and their response time to such communications; (4) the handling of costs and attorneys' fees which were sought in Plaintiff's Complaint; and (5) provides that terms of the Agreement be kept confidential in an effort to avoid future disputes and claims between the Parties.

The Parties' proposed Settlement Agreement requires approval of this Court. *See* 29 U.S.C. §216(b). While the FLSA requires that the Settlement Agreement be filed with this Court for approval in order for it to be enforceable, the Parties wish to keep the terms of their agreement confidential to promote efficient administration of the Settlement Agreement, preserve judicial resources, and minimize the potential for duplicative litigation. In fact, because the common-law right to access judicial records is not absolute, a court "in its discretion, may seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir. 2011) (internal quotation marks and citation omitted). Further, Plaintiff has been intrinsically involved with the drafting and negotiation of the settlement, and there is no interest to the public of knowing the terms of the Settlement Agreement. Moreover, conditional certification was granted, notice was sent out to the putative class, and there have been 26 opt-ins – thus, all individuals that would be affected by the settlement agreement are readily identifiable and will receive notice on a one by one basis – and,

in fact, have already been notified of the settlement, its general terms, and have updated their contact information for correspondence regarding the settlement if the Court approves the Agreement. All the opt-in plaintiffs are represented by Plaintiff's counsel, will all receive notice of the Settlement and release terms, and each can decide whether to compromise his or her claim based on those terms. The Parties therefore respectfully request that the Court grant leave to file the Settlement Documents with the Court under seal.

## II. ANALYSIS

### A. The Court Has Discretion To Grant Leave To File Settlement Documents Under Seal.

This Court has discretion to allow the Parties to file their Settlement Documents under seal. *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980) ("It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession."). "[W]hether to grant access to judicial records or documents is a matter of a district court's supervisory power, and it is one best left to the sound discretion of the district court . . . in light of the relevant facts and circumstances of the particular case." *Campbell v. Exthex Corp.*, 464 F. Supp. 2d 559, 561 (W.D. Va. 2006) (internal citations omitted). In exercising its discretion under the facts of each case, the Court weighs the need for public access against the interests advanced by the parties in filing the particular documents under seal. *Crystal Grower's Corp.*, 616 F.2d at 461.

The FLSA does not require settlement amounts to be disclosed to the public – only that the settlement be approved by the Court. *See Hummel v. Bimbo Bakeries United States, Inc.,* No. 14-cv-03683-JSC (N.D. Cal. Sept 21, 2015). Courts have routinely exercised their discretion to seal settlement documents in FLSA and other wage related actions. *See generally, Wade v. Werner*, 2:10-cv-00271-EAS-MRA, Doc. No. 150, May 12, 2014 Order Granting Joint Motion to

3

Leave to File Motion for Approval of FLSA settlement, supporting memorandum, motion for approval of attorneys' fees and settlement agreement under seal; *Hammond v. Lowe's Home Centers, Inc.*, 02:CV-2509, September 22, 2006 Order granting Joint Motion to File Confidential Stipulation of FLSA Settlement (Carlos Murguia, J.); *Smith, et al. v. Mill-Tel, Inc.*, 08:CV-2016, August 27, 2008 Order granting Joint Motion to File Stipulation of Confidential FLSA Settlement and Release Under Seal (Julie Robinson, J.); *Campbell*, 464 F. Supp. 2d at 561 (granting leave to file settlement documents under seal where the settlement documents "contain[ed] little information that would be of benefit to the public generally."); *In re Franklin Nat'l Bank Securities Ltd..*, 92 F.R.D. 468 (E.D.N.Y. 1981).

In this conditionally certified FLSA case, there are no absent class members whose claims are compromised or affected by the parties' Settlement Agreement.  All the opt-in plaintiffs are represented by Plaintiff's counsel, all will receive notice of the Settlement and the release terms, and each can decide whether to compromise his or her claim based upon those terms.

   **B.**  **Filing the Settlement Documents Under Seal Will Advance The Settlement And Preserve Judicial Resources.**

This Court should exercise its discretion and grant leave to file the Settlement Documents in this case under seal for two reasons.  First, filing the Settlement Documents under seal is necessary to advance the Parties' settlement.  Here, the Parties have reached a settlement agreement concerning complex, highly disputed facts and legal issues in connection with the FLSA litigation pending in this Court.  The Parties have agreed that specific terms of this settlement should remain confidential and further agreed to jointly request permission to file this specific document under seal.  Limiting disclosure of the settlement terms to the Named Parties and the opt-in class members will avoid protracted litigation and minimize the risk of duplicative

lawsuits which may circumvent the settlement process.  The Settlement Agreement provides for notice to all current class members of their right to opt in or refrain from participating in the settlement.  No one other than the named Plaintiff and class members that opted into this lawsuit requires this information.

Second, filing the Settlement Documents under seal will not impede any named parties or class members from determining their rights and obligations under the Settlement Agreement.  The Settlement Agreement clearly provides for notice to all opt-in class members – all who are easily identifiable as they provided updated contact information when they opted-into the lawsuit.  The notice will include eligibility requirements for participating in the settlement, as well as the procedures each eligible class member must follow to receive a settlement payment.  The notice will also explain that class members may request additional information from class counsel or the settlement administrator.  The opt-in class members will be notified of their rights and obligations under the Settlement Agreement.  The class is identified and, thus, there is no public interest in the terms of the Agreement.

Third, Defendants have serious concerns that public disclosure of the parties' Settlement Agreement and its terms will cause significant financial repercussions in the form of legal costs to defend against copy-cat, time-barred claims, as well as injury to its ability to recruit and hire staff, and its competitive market position. Defendants have further concerns that if this settlement is not sealed, and copy-cat litigation is indeed filed, that the public nature of this settlement will inhibit its ability to reach a fair settlement in those future cases.

Finally, filing the Settlement Documents under seal will not impair the Court's administration of the settlement.  The Court will retain jurisdiction over this matter to enforce the terms of the settlement agreement.

In this case, sealing only the Settlement Agreement is insufficient because the parties' Motion to Approve FLSA Settlement and Award of Attorneys' Fees and Costs will also necessarily reveal the terms of the Settlement Agreement because the attorneys' fees are a percentage of the gross settlement fund. Therefore, not only is there good cause to file the Settlement Agreement under seal, there is also good cause to file the approval motion under seal.

In sum, filing the Settlement Documents under seal will advance the terms of the Parties' settlement and promote judicial economy in this action. This is not a case that involves information of significant interest to the public. Rather, only the Named Parties and previously identified class members that affirmatively opted into the lawsuit require information concerning the terms of the settlement in this matter.

In the alternative, in the event the Court does not agree the settlement should be permanently filed under seal, a temporary sealing of the documents for a period of time is a potential alternative. A sealing of the settlement for a period of at least five (5) years could potentially remove the burdens and potential adverse effects against Defendants than if the settlement was not under seal at all.

**III.    CONCLUSION**

For these reasons, the Parties respectfully request that the Court enter an order granting leave to file their Settlement Documents under seal.

.

Respectfully submitted,

ROETZEL & ANDRESS

By: */s/ Jeremy S. Young*
Jeremy S. Young (#0082179)
Huntington Center
41 South High Street, 21st Floor
Columbus, OH  43215
614-463-9770
Fax No. 614-463-9792
jyoung@ralaw.com

POLSINELLI PC

ROBERT J. HINGULA (MO #56353) *(admitted pro hac)*
Kaitlin E. Gallen (MO #65913) (admitted *pro hac*)
900 W. 48th Place, Suite 900
Kansas City, MO 64112-1895
(816) 753-1000
Fax No.: (816) 753-1536
rhingula@polsinelli.com
kgallen@polsinelli.com

TRIAL ATTORNEYS FOR DEFENDANTS HOGAN TRANSPORTS, INC., DAVID A. HOGAN, HOGAN DEDICATED SERVICES LLC, AND HOGAN SERVICES, INC.

CHAPIN LEGAL GROUP, LLC

By: */s/ Lance Chapin via email approval*
Lance Chapin (0069473)
580 South High Street, Suite 330
Columbus, OH  43215
614-221-9100
Fax:  614-221-272
lchapin@chapinlegal.com

ATTORNEY FOR PLAINTIFF

7

66530488.1

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the above and foregoing pleading was served via (_X_) Court's ECF Notification system; (___) U.S. Mail, postage prepaid; (_X_) electronic mail; (_____) Federal Express; and/or (___) hand delivery this 17th day of January, 2018, to:

Lance Chapin, Esq.
Steven C. Babin, Jr., Esq.
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, OH  43215
614-221-9100
Fax:  614-221-272
lchapin@chapinlegal.com
sbabin@chapinlegal.com
ATTORNEYS FOR PLAINTIFF

                                          */s/  Jeremy S. Young*
                                          Jeremy S. Young