IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DON FAIRFAX,

        Plaintiff,

  v.                                                    Civil Action 2:16-cv-680
                                                          Judge George C. Smith
                                                          Magistrate Judge Jolson

**HOGAN TRANSPORATION EQUIPMENT, INC., et al.,**

        Defendants.

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Leave to File Motion for Approval of FLSA Settlement, Supporting Memorandum, Motion for Approval of Attorneys' Fees, and Settlement Agreement Under Seal (Doc. 79). For the reasons that follow, the Joint Motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff filed this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111, *et seq.* ("Fair Wage Act") on July 14, 2016. (Doc. 1). As set forth in the Second Amended Complaint, Defendants allegedly "did not pay [their] logistics employees responsible for fleet management and dispatching duties overtime at a rate of time and one-half for each hour worked over 40 hours-per-week." (Doc. 24, ¶ 2). The Court conditionally certified the proposed class in its September 29, 2017 Opinion and Order (Doc. 53).

In their Joint Motion, the parties represent that they have reached a settlement that:

(1) resolve[s] all wage and hour claims between Plaintiff and all opt-in Plaintiffs and Defendants based on the voluminous discovery and documents exchanged

> between the parties; (2) proposes proper notice to the discrete, identifiable class that has already opted into this action; (3) [proposes] the specific timing of communication to the identifiable class and their response time to such communications; (4) [proposes] the handling of costs and attorneys' fees which were sought in Plaintiff's Complaint; and (5) provides that terms of the Agreement be kept confidential in an effort to avoid future disputes and claims between the Parties.

(Doc. 79 at 2). They request leave to file their Joint Motion For Approval of FLSA Settlement, Memorandum in Support of Joint Motion For Approval, Motion for Approval of Attorneys' Fees, and proposed Settlement Agreement ("the Settlement Documents"). (*Id.* at 1). According to them, "[f]iling the Settlement Documents in this matter under seal will advance the Parties' settlement, preserve judicial resources, and promote efficient administration of the proposed Settlement Agreement." (*Id.*).

## II. ANALYSIS

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at 305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by

2

document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quotation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation omitted).

"The party requesting to seal court records bears a heavy burden to overturn" the presumption in favor of public access to court records, "and that burden only gets heavier the 'greater the public interest in the litigation's subject matter.'" *Stanley v. Turner Oil & Gas Props., Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017) (quoting *Shane Grp.*, 825 F.3d at 305). "The public has a keen interest in the outcome of FLSA litigation, and as such, 'sealing a FLSA settlement rarely, if ever, will be shown to outweigh the public right to access of judicial documents.'" *Stanley*, 2017 WL 5068444, at *1 (quoting *Smolinski v. Ruben & Michelle Enters. Inc.*, No. 16-CV-13612, 2017 WL 835592, at *3 (E.D. Mich. Mar. 3, 2017)). "In the Sixth Circuit and elsewhere, the 'great weight of authority' favors open court documents generally and favors open FLSA settlement agreements specifically." *Stanley*, 2017 WL 5068444, at *1 (quoting *Smolinski*, 2017 WL 835592, at *3); *see also Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) ("Although the Sixth Circuit has not yet weighed in on this issue, the overwhelming majority of trial courts to consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases."). As a general rule, "[a]bsent an 'extraordinary reason,' such settlement agreements should not be sealed." *Zego*, 2016 WL 4449648, at *1.

Here, the parties have not put forward an extraordinary reason to justify filing the Settlement Documents under seal. First, the parties argue that they have agreed "that specific terms of this settlement should remain confidential and further agreed to jointly request permission to file

this specific document under seal." (Doc. 79 at 4). This does not overcome the presumption of public access to judicial documents. *See id.* at *2 (The parties "proffered reason for seeking leave to file the settlement agreement under seal—that confidentiality is one of the terms of the settlement—is insufficient to overcome the strong presumption of public access to FLSA settlements" (internal citation omitted)); *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-CV-12302, 2014 WL 7369904, at *3 (E.D. Mich. Dec. 29, 2014) ("Generally, courts have 'roundly rejected' the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access." (quoting *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 648 (S.D.N.Y. 2011))).

Second, the parties assert that filing under seal is necessary to "avoid protracted litigation and minimize the risk of duplicative lawsuits which may circumvent the settlement process." (Doc. 79 at 4–5; *see also id.* at 5 (expressing "serious concerns" about "copy-cat litigation")). While the public filing of the Settlement Documents, "may affect the settlement of other cases, the fear of copycat lawsuits or embarrassing inquiries [does] not suffice to defeat the presumption of public access." *Lee v. Asurian Ins. Servs., Inc.*, 206 F. Supp. 3d 1307, 1309 (M.D. Tenn. 2016) (citation and internal quotations omitted); *see also Stanley*, 2017 WL 5068444, at *2 (recognizing that "the threat of copycat lawsuits engendered by placing the agreement on the public court docket is too speculative" (citing *Green v. Hepaco*, LLC, No. 2:13-CV-02496-JPM, 2014 WL 2624900, at *5 (W.D. Tenn. June 12, 2014))).

Third, the parties argue, "filing the Settlement Documents under seal will not impede any named parties or class members from determining their rights and obligations under the Settlement Agreement." (Doc. 79 at 5). "The class is identified and, thus, there is no public interest in the terms of the Agreement." (*Id.*). Congress and the majority of the courts to consider the question have reached a different conclusion. *See Zego*, 2016 WL 4449648, at *1 ("The Court agrees with

4

the majority of courts that have considered this issue, including courts within the Sixth Circuit, and held that '[a] confidentiality provision in an FLSA settlement agreement . . . contravenes the legislative purpose of the FLSA.'" (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010))).

Finally, the parties contend that "filing the Settlement Documents under seal will not impair the Court's administration of the settlement." (Doc. 79 at 5). But filing of the Settlement Documents on the public docket will not impair the Court's administration of the settlement either. Given the strong presumption in favor of public access to judicial documents, this is not a reason to seal the Settlement Documents here.

### III. CONCLUSION

For the foregoing reasons, the parties' Joint Motion is **DENIED**. The parties may choose either to file the Settlement Documents on the public docket or to continue to litigate this case.


IT IS SO ORDERED.


Date: February 6, 2019  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE