IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DON FAIRFAX, individually | : | |
| and on behalf of all others similarly | | Case No. 2:16-CV-00680 |
| situated, | : | |
| | | Judge Smith |
| Plaintiffs, | : | |
| | | Magistrate Judge Jolson |
| -vs- | : | |
| | | |
| HOGAN TRANSPORTS, INC., *et al.*, | : | |
| | | |
| Defendants. | : | |

**PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF
ATTORNEYS' FEES AND COSTS.**

Plaintiff Don Fairfax, individually and on behalf of all other opt-in plaintiffs in this matter, by and through the undersigned counsel, herby submits this Unopposed Motion to Approve Attorneys' Fees and Costs. Plaintiffs respectfully request that the Court apportion $100,000.00 or one-third of the gross settlement amount of $300,000.00 in this case as attorneys' fees and $1,975.16 as reimbursement of costs advanced by Plaintiffs' counsel.

This Motion is supported by the accompanying Memorandum of Law and the declaration and documents attached hereto.

Respectfully submitted,

/s/ Lance Chapin
Lance Chapin          (0069473)
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, Ohio 43215
Telephone:    614.221.9100
Facsimile:    614.221.9272
E-mail:   lchapin@chapinlegal.com
Attorney for Plaintiffs

<u>MEMORANDUM IN SUPPORT</u>

Plaintiff Don Fairfax, on behalf of himself and all other opt-in plaintiffs in this matter, hereby submits this Memorandum in Support of his Unopposed Motion for Approval of Attorneys' Fees and Costs in conjunction with the Parties' Motion for Approval of FLSA Collective Action Settlement. For the reasons set forth below, Plaintiffs respectfully request that the Court apportion $100,000.00 or one-third of the gross settlement amount of $300,000.00 in this case as attorneys' fees and $1,975.16 as reimbursement of costs advanced by Plaintiffs' counsel.

## I.    <u>Statement of the Case</u>

This is an action pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), brought to recover unpaid overtime compensation from Hogan Transports, Inc. The Parties have reached a proposed settlement of this action following mediation. This proposed settlement is currently before the Court for approval. The gross amount of the proposed settlement is $300,000.00, which was intended to cover all of Defendants' liability to the opt-in Plaintiffs in this case and Plaintiffs' attorneys' fees and costs. Plaintiffs propose that the settlement be apportioned as follows: $100,000.00 for attorneys' fees; $1,975.16 for reimbursement of costs; $20,000.00 total for service or incentive payments to Don Fairfax as the representative plaintiff, and the remaining settlement proceeds of $178,024.84 to be paid to the opt-in plaintiffs based on a pro-rata share.

## II.    <u>Discussion</u>

Attorneys' fees in collective action cases under the FLSA are subject to court approval. The FLSA contains a fee-shifting provision allowing for reasonable attorneys' fees and costs of the action to be paid by the defendant. 29 U.S.C. §216(b). The gross settlement amount in this

2

case of $300,000.00 was intended by the Parties to include Defendants' liability for attorneys' fees and costs with regard to the claims of the collective class.

District courts within the Sixth Circuit have the discretion to select one of two methods for calculating an award of attorneys' fees in this type of case: 1) the percentage-of-the-fund method and 2) the lodestar method. *Rawlings v. Prudential-Bache Properties,* 9F.3d 513, 516-17(6th Cir. 1993); *Bailey v. AK Steel Corp.,* 2008 U.S. Dist. LEXIS 18838 at *4-5 (S.D. Ohio Feb. 28, 2008). The percentage-of-the fund method, allows attorneys' fees to be based on a percentage of the total recovery to the plaintiff class. *See Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980). The percentage-of-the fund method recognizes that where a group of individuals receive a benefit from litigation without directly contributing to its costs, the group would be unjustly enriched unless each member is required to contribute a portion of the benefits to compensate the attorneys responsible for creating or enhancing the common fund. The trend among most courts tends to favor this approach to awarding attorneys' fees in class action cases, because it "better aligns the interests of class counsel and class members…[by] t[y]ing the attorneys' award to the overall result achieved rather than the hours expended by the attorneys." *Kay Co. v. Equitable Production Co.*, 749 F.Supp.2d 455, 461 (S.D. W. Va. 2010). The percentage-of-the fund method rewards counsel for efficiently and effectively bringing a class action case to a resolution, rather than prolonging the case in the hopes of artificially increasing the number of hours worked on the case. *Id.* at 462.

The lodestar method multiplies the number of attorney hours expended by the attorney's normal hourly rate to create a "lodestar figure" that may be adjusted upwards or downwards by the court to account for the nature of the case, the quality of the work performed, delay in payment and other factors. *See Hensely v. Eckerhart,* 461 U.S. 424, 433 (1983). The lodestar

method is used to award attorneys' fees to successful plaintiffs after obtaining a judgment at trial in a fee-shifting case. *Id.* Regardless of which method is used to calculate an attorneys' fee award, the final amount must be reasonable. *Rawlings*, 9 F.3d at 516, *Smillie v. Park Chem. Co.*, 710 F.2d 271, 275 (6th Cir. 1983).

Plaintiffs' counsel requests that the Court use the percentage-of-the-fund method for approving attorneys' fees in this case and award one-third of the gross settlement fund or $100,000.00 of the $300,000.00 total settlement to Plaintiffs' counsel.

The Sixth Circuit has held that the following factors are relevant to a court's assessment of attorneys' fees: 1) the value of the benefit rendered to the plaintiff class; 2) the value of the services on an hourly basis; 3) whether the services were undertaken on a contingent fee basis; 4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; 5) the complexity of the litigation; and 6) the professional skill and standing of counsel involved in both sides. *Bowling v. Pfizer,* 922 F.Supp. 1261, 1280 (S.D. Oh. 1996). All of these factors support Plaintiffs' Motion for Approval of Attorneys' Fees and Costs here.

1) The Value of the Benefit Rendered to the Plaintiff Class

There is certainly a significant benefit to the class members by settlement of this litigation for a reasonable amount. While this case has been conditionally certified as a collective action, there is always a real and substantial risk of Decertification in these types of FLSA cases because the standard for initial conditional certification is so low. The Defendants have persistently argued that there are good grounds for a Motion for Decertification because of the differences in the job duties of the individual plaintiffs. Defendants have also made clear their intention to move via Summary Judgment for a decision in their favor on liability based on an administrative exemption to the FLSA. Obviously, Plaintiffs disagree with Defendants

4

assessment of the strength of these arguments. However, the question of an administrative exemption for Dispatchers/Fleet Managers is an open question in the Sixth Circuit. Nonetheless, the Parties have been able to reach a settlement that will guarantee every member of the conditionally certified class will receive a portion of his/her claimed unpaid overtime wages.[1] If litigation in this case continues, there is a real risk that the Court could decertify the class or (to a lesser degree of risk) find against the Plaintiffs on the question of liability and end the case all together. In either scenario, the chances of obtaining some recovery for each member of the collective class would be nil or prohibitively expensive. Accordingly, the Settlement upon which the parties have agreed offers immediate redress to each opt-in in light of the risks and expenses inherent in continued litigation.

2) The Value of the Services on an Hourly Basis

Plaintiffs' counsel spent over 400 hours on this case. The value of the hours actually expended equals $104,394.60. The time spent in this case was reasonable and necessary given the duration of the case, the size of the class and the issues involved. *See* Declaration of Lance Chapin. Plaintiffs' counsel is seeking $100,000.00 in fees. As such, the requested figure is very much in line with the value of the services based upon an hourly rate.

3) Whether the Services were Undertaken on a Contingent Fee Basis

Despite having made significant investments of time and out-of-pocket expenses throughout this litigation, Plaintiffs' counsel has not received any compensation. Plaintiffs' counsel faced a significant risk of non-payment because they undertook this litigation on a contingent basis. "Contingency fee arrangements indicate that there is a certain degree of risk in obtaining a recovery." *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.* 268 F. Supp.2d

---

[1] As lead class counsel, attorney Lance Chapin has spoken with each of the 27 Plaintiffs in this case and each has readily agreed to the proposed settlement in this matter. **(Chapin declaration at 8)**.

907, 936 (N.D. Oh 2003). The risk that Plaintiffs' counsel assumed entailed working hundreds of hours and advancing a substantial amount of out-of-pocket expenses. These expenses include: depositions costs, travel fees, filing and service fees, postage and delivery costs, mediation costs and other litigation services. *See* Declaration of Lance Chapin. Plaintiffs' counsel has maintained careful records of the expenses incurred. Such costs and expenses were reasonable and necessary to the prosecution of the case and therefore be reimbursed. *See e.g., In re Telectronics Pacing Sys.,* 137 F. Supp.2d 1029, 1036 (2001 S.D. Ohio 2001). The amount of the contingency, one-third of the total award, is also reasonable and has been approved in similar FLSA collective actions. *See e.g., Dillworth v. Case Farms Processing, Inc.,* No. 5:08 CV 1694, 2009 U.S. Dist. LEXIS 76947 (N.D. Ohio 2009); *Jackson v. Papa John's,* No. 1:08 CV 2791, 2008 U.S. Dist. LEXIS 107650 (N.D. Ohio 2008); *Fincham v. Nestle Prepared Foods Co.*, No. 1:08 CV 73 (N.D. Ohio 2008).

    4)  Society's Stake in Rewarding Attorneys who Produce such Benefits

    In litigating this case, Plaintiffs' counsel expended significant resources of both time and money. Counsel conducted extensive discovery and legal research, which included reviewing thousands of pages of documents; conducted a two day mediation; defended the deposition of the named representative Plaintiff; conferenced with many of the opt-in plaintiffs; conducted the 30(b)6 deposition of the owner of Hogan at its headquarters in Kansas City, Missouri; and engaged in significant motions practice. "…[W]ithout such a class action, small individual claimants would lack the resources to litigate a case of this magnitude. Attorneys who take on class action matters serve a benefit to society and the judicial process by enabling such small claimants to pool their claims and resources." *Teletronics*, 137 F. Supp.2d at 1043. The public interest supports payment of the requested fees in this case to ensure that attorneys will continue

to represent plaintiffs who might not have the means or resources to pursue this type of claim individually.

    5)  The Complexity of the Litigation

    This litigation, pending since July 14, 2016, involved complex issues pertaining to several technical aspects of the FLSA and the accompanying regulations. Throughout the two and a half years this case has been litigated, Plaintiffs' counsel has dedicated many hours and expended considerable effort prosecuting this action. *See* Declaration of Lance Chapin. This factor along with the fact that Plaintiffs' counsel undertook the representation of 27 plaintiffs whose domiciles span the nation, amply support the requested attorneys' fees. *See Telectronics,* 137 F.Supp.2d at 1043.

    6)  The Professional Skill and Standing of Counsel

    Plaintiffs' counsel has experience in complex class actions and has prosecuted wage and hour lawsuits as both collective actions and class actions. *See* Declaration of Lance Chapin. This case represents hard-fought litigation and at times an amicable resolution of this matter appeared almost inconceivable. Nonetheless, counsel for both parties demonstrated their professionalism and skill by educating themselves on the strengths and weaknesses of their case and constructing a settlement that would provide every class member with a reasonable award under the circumstances. Furthermore, the services rendered to the class of 27 plaintiffs are reflective of Plaintiffs' counsel's level of skill and experience. Accordingly, Plaintiffs' counsel's quality, skill and efficiency support the requested attorneys' fees.

## III.    CONCLUSION

    For the foregoing reasons, Plaintiffs' counsel respectfully requests that the Court grant Plaintiffs' counsel's attorneys' fees of $100,000.00, representing a portion of the hours expended

at reasonably hourly rates on behalf of Plaintiffs and the opt-in class in addition to reimbursement of $1,975.16 of out-of-pocket expenses for a total award of $101,975.16.

Respectfully submitted,

/s/ Lance Chapin
Lance Chapin          (0069473)
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, Ohio  43215
Telephone:    614.221.9100
Facsimile:     614.221.9272
E-mail:   lchapin@chapinlegal.com
Attorney for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 8th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of this electronic filing to all parties and or counsel of record in this action.


/s/ Lance Chapin_____
Lance Chapin              (0069473)